*987 OPINION OF THE COURT
Daniel F. Luciano, J.
On December 5, 1995 the court signed an order to show cause to commence the above-captioned proceeding pursuant to article 81 of the Mental Hygiene Law. That order to show cause was modified by an order dated December 9, 1995 which appointed Justin N. Lite as the court evaluator.
That order to show cause included, inter alia, a temporary restraining order prohibiting Eugenia Palmer from "[w]ithdrawing from or writing checks against checking Account No. 79138167 in Citibank or from any other account in Citibank or any other bank in which alpino longobardi has an interest in his sole name or jointly with her except for necessaries relating to food, shelter and medical care”.
The court is now in receipt of an affirmation dated January 3, 1996 from Assistant County Attorney Martin Marks, Esq., which advises that Citibank "would not honor any checks drawn by Eugenia Palmer, even though provision was made for 'necessaries’ ” and that Citibank has indicated "that there is now a total block on all transactions in the account which can be lifted only if either (a) the restraint is lifted or (b) a temporary guardian is appointed with the power to access the account”.
In accordance with the foregoing, the petitioner has applied for appointment of a temporary guardian empowered to withdraw funds and write checks against the above-identified checking account at Citibank.
The court concludes, however, that it is unnecessary to appoint a temporary guardian to obtain the necessary relief.
Section 81.09 (e) of the Mental Hygiene Law provides: "(e) The court evaluator shall have the authority to take the steps necessary to preserve the property of the person alleged to be incapacitated pending the hearing in the event the property is in danger of waste, misappropriation, or loss; if the court evaluator exercises authority under this subdivision, the court evaluator shall include in his or her report to the court an explanation of the actions the court evaluator has taken and the reasons for such actions.”
Consistent with this statutory authority, therefore, the court evaluator, Justin N. Lite, Esq., may take the necessary steps to preserve the property of the alleged incapacitated person, Alfino A. Longobardi, also known as Alfred Longobardi, including the management of his checking account.
*988 Accordingly, it is ordered that the temporary restraining order included in the order to show cause herein dated December 5, 1995 prohibiting Eugenia Palmer from "[withdrawing from or writing checks against checking Account No. 79138167 in Citibank or from any other account in Citibank or any other bank in which alpino longobardi has an interest in his sole name or jointly with her except for necessaries relating to food, shelter and medical care” is modified to the extent that the words "except for necessaries relating to food, shelter and medical care” are deleted therefrom, and as so modified the said temporary restraint against Eugenia Palmer is continued, and it is further ordered that the court evaluator, Justin N. Lite, Esq., consistent with the authority vested in him pursuant to section 81.09 of the Mental Hygiene Law to protect the property of the alleged incapacitated person, Alfino A. Longobardi, also known as Alfred Longobardi, from waste, misappropriation or loss is hereby specifically authorized to withdraw funds from, and to write checks against checking account No. 79138167 in Citibank, 1198 Deer Park Avenue, North Babylon, New York 11703, and it is further ordered that the court evaluator, Justin N. Lite, Esq., shall withdraw such funds and write such checks only to provide for necessaries relating to food, shelter and medical care, but Citibank shall be under no duty to inquire as to, investigate or confirm the purpose for which Justin N. Lite, Esq. shall have withdrawn such funds or written such checks.
In all other respects not inconsistent with this order the provisions of the order to show cause herein dated December 5, 1995, as modified by this court’s order dated December 7, 1995, shall remain in full force and effect.
The proposed order submitted by the petitioner providing for the appointment of a temporary guardian has been herewith marked "unsigned”.